UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRENDA A. FLUITT** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-2800** |
| **MUTUAL OF OMAHA INSURANCE COMPANY** | **SECTION: "G" (4)** |

### ORDER

Before the Court is Defendant, Mutual of Omaha's, ("Mutual") **Motion to Quash and/or for Protective Order (R. Doc. 21)**, seeking an Order from this Court quashing discovery allegedly propounded on it by Plaintiff, Brenda Fluitt, ("Fluitt"). The motion is opposed (R. Doc. 26), and Mutual has filed a Reply (R. Doc. 36). The motion was heard by oral argument on July 10, 2013.

### I.   Background

This case involves Fluitt's allegations under 29 U.S.C. § 1001, *et seq.* that Mutual, which acts as both insurer and plan administrator in this case, denied her the ERISA disability benefits to which she is entitled under both a group disability policy and a group life insurance policy. (R. Doc. 1, pp. 1-2). Fluitt alleges that she appealed Mutual's decision, which Mutual then upheld on appeal. *Id.* at 2.

Fluitt now alleges that Mutual abused its discretion by (1) denying her disability benefits claim in bad faith; (2) failing to consider the "disabling, synergistic effect of all of Plaintiff's medical conditions; (3) unlawfully applied a pre-existing condition exclusion to the policy; and (5)

failing to consider how her medical condition related to her actual job functions. Fluitt also alleges that Mutual's plan administration contained an inherent conflict of interest because any liability determination amounts are drawn directly from its own funds. *Id.* at 3. For this reason, Fluitt alleges that Mutual "chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals." *Id.* Overall, Fluitt alleges that Mutual's faulty claims review structure and specific application errors divested her of the "full and fair review" she was entitled to under ERISA. *Id.* Fluitt has sued for, *inter alia*, benefits due under the "plan." *Id.* at 4.

Mutual characterizes the dispute as stemming from its denial of Fluitt's disability claim after it determined that her alleged ailments - Malabsorption Syndrome, Anemia, Dumpting Syndrome, and Chronic Obstructive Pulmonary Disorder - were pre-existing conditions. (R. Doc. 21-1, p. 2). As to the instant motion, Mutual claims that Fluitt had propounded 14 Interrogatories and 18 Requests for Production of Documents in this case, which according to Mutual "have absolutely nothing to do with the Administrative Record that governs the case." *Id.* Mutual argues that because the requested discovery is outside the administrative record, it is impermissible. *Id.* Mutual has now moved to quash Fluitt's Interrogatories and Request for Production. The motion is opposed.

**II.    Standard of Review**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Rule 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Discovery includes Interrogatories under Rule 33, and Requests for Production of Documents under Rule 34. Under Rule 26(b)(2)(c),

2

such discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Rule 26(b)(2)(C).

With respect to ERISA actions brought under 29 U.S.C. § 1132(a), courts are charged with monitoring discovery "closely" because review "is essentially analogous to a review of an administrative agency decision." *Crosby v. Louisiana Health Service and Indemnity Co.*, 647 F.3d 258, 264 (5th Cir. 2011). As such, discovery is disallowed where it would constitute reconsideration of the administrative record and whether coverage should have ultimately been afforded. *Vega v. National Life Insurance Services, Inc.*, 188 F.3d 287, 299-300 (5th Cir. 1999), *abrogated on other grounds by Metropolitan Life Insurance Co. v. Glenn*, 554 U.S. 105 (2008). However, this prohibition does not extend to other questions which may arise in an ERISA action, such as "(1) the completeness of the administrative record; (2) the plan administrator's compliance with ERISA's procedural regulations; and (3) "the existence and *extent* of a conflict of interest created by a plan administrator's dual role in making benefits determinations and funding the plan." *Crosby*, 647 F.3d at 263 (emphasis added).

### III.     Analysis

#### A.     Scope of Fluitt's Opposition

Fluitt argues in part that she has "thoroughly briefed how each of the disputed discovery requests fall within the scope of permissible discovery in ERISA cases in her Memorandum in Support of Motion to Compel." (R. Doc. 26, p. 3). Here, Fluitt relies on a Motion (R. Doc. 24) which she filed which was noticed for submission on the same day as Mutual's Motion to Quash,

and then set on the briefs. (R. Doc. 34). However, the Court found that Fluitt's Motion to Compel failed to comply with Rule 37(a)(1), and it was denied on that basis (R. Doc. 42). As such, the Court will not consider any arguments made in support of Fluitt's discovery requests which were contained only in her defective Motion to Compel.

### B. Merits of Motion

#### 1. Discovery Outside the Administrative Record

Mutual contends that Fluitt's discovery requests should generally be disallowed as a matter of law. To substantiate that position, Mutual argues that the discovery in question is outside the administrative record. (R. Doc. 21-1, p. 1). Mutual argues that since the Court currently sits in an appellate posture for purposes of Fluitt's suit, it may not consider facts outside the administrative record. *Id.* at 5. Mutual also argues that *Crosby* "is limited to the particular circumstances of that case," which involved an interpretation of policy language, and "not a purely factual determination." (R. Doc. 33, p. 4). Mutual contends that the discovery in that case concerned "the Plan Administrator's past coverage determinations in situations that involved similar procedures regarding the jaw, teeth, and mouth." *Id.* Mutual further argues that to the degree *Crosby* stands for any more broad-sweeping proposition, the court in that case "specifically warned against the . . . overreaching discovery that [Fluitt] has propounded." *Id.* at 3

In opposition, Fluitt argues that *Crosby* has created "exceptions" to a party's ability to seek discovery in a federal court proceeding following denial of an ERISA claim. (R. Doc. 26, p. 2). Fluitt contends that, following *Crosby*, there may be situations where evidence resolving disputes as to record completeness, administrator compliance with ERISA regulations, or the existence of a conflict may not be contained in the administrative record. *Id.* Fluitt contends that under ERISA, "relevant information" includes that which is "submitted, considered, or generated in the course of

4

making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination." *Id.* (citing 29 C.F.R. § 2650.503-1(m)(8). Fluitt also states that Fifth Circuit case law supports her position, as attorney advice given to an ERISA administrator or "other fiduciary" creates an attorney-client relationship between the attorney and the plan beneficiaries, not the attorney and the fiduciary. *See id.* (citing *Wilbur v. ARCO Chemical Co.*, 974 F.2d 631, 645 (5th Cir. 1992).

As such, Fluitt contends that the discovery she has sought - such as "claims manuals and similar documents" - could, *inter alia*, show Mutual's deviation from its own guidelines, or whether there were any policies in place which were intended to reduce the potential bias in claims determinations. *See id.* at 4. At oral argument, Fluitt argued for a broader interpretation of *Crosby*, which could stand for the general proposition that a plainitff in an ERISA case can conduct discovery outside of the administrative record.

The Court however finds that Fluitt's interpretation of *Crosby* is impermissibly broad. The Court further finds that *Crosby* does not allow ERISA plaintiffs to generally conduct discovery outside of the administrative record. As such, Fluitt's discovery requests are overly broad.

### 2. Effect of Pre-Existing Conditions Provision in Policy

In support of its Motion, Mutual also argues that even if it were theoretically possible to look outside the administrative record in this case, Fluitt has failed to demonstrate "good cause" for why the Court should do so. (R. Doc. 21-1, pp. 6-8). At oral argument, Mutual acknowledged that *Crosby* permitted the Court to allow limited discovery; however, because the discovery in this case turned on the triggering of a pre-existing condition provision and *not* Mutual's determination of the medical evidence giving rise to her claim, all of Fluitt's discovery requests went to the *facts* of the case, and not the interpretation of policy. Specifically, Mutual explained that Fluitt had taken out

Mutual's policy and, three months later, made a claim on the policy for malabsorptive syndrome, dumping syndrome, anemia, COPD, sleep apnea. However, investigating Fluitt's claim, Mutual discovered a letter from Fluitt's physician stating that three months before the policy went into effect, Fluitt had been treated for malabsorptive syndrome.[1] Since Fluitt's policy contained a pre-existing conditions provision which stated that coverage would be denied if a pre-existing condition "contributed to" the insured's current ailment, there would be no coverage.

In opposition, Fluitt argued that there were policy interpretation issues in this case, as Fluitt suffered from numerous subsequent conditions, and one of which could be the basis of her claim. For example, Fluitt argued that she suffered from lymphodemia, that she had to pump her legs, and that she had to have her stomach removed.

The Court noted that in order to fulfill its "gatekeeper" function to allow or disallow discovery in an ERISA matter pursuant to *Crosby*, its "good cause" finding could only arise if any of Fluitt's complained-of ailments had manifested themselves within the three-month period between the time Fluitt obtained her insurance policies from Mutual, and the time she made her claim; otherwise, interpretation of the denial hinged on application of her policy's pre-existing conditions clause. However, Fluitt could not specify whether any of the conditions had, or could have, satisfied this condition. Therefore, the Court found that Fluitt had no "good cause" for her discovery requests.

## V. **Conclusion**

Accordingly,

**IT IS ORDERED** that Defendant, Mutual of Omaha's, ("Mutual") **Motion to Quash and/or**

---

[1] Mutual argued in particular that individuals who suffered from malabsorptive syndrome would naturally suffer from other ailments.

6

**for Protective Order (R. Doc. 21)** is **GRANTED**.

New Orleans, Louisiana, this 26th day of July 2013.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**